UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID L. MISSEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:13cv0797 TCM |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court will order Petitioner to show cause why the petition should not be dismissed as untimely.

According to the petition, Petitioner was convicted of statutory sodomy in 2002 and sentenced to twenty-five years' imprisonment. Petitioner appealed, and the Missouri Court of Appeals affirmed the conviction on April 13, 2004.

Petitioner alleges that several years later he obtained the prosecutor's file from his criminal action. Petitioner asserts that the file contained exculpatory information that was never provided to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner claims that when he learned about the alleged prosecutorial misconduct, he filed a habeas petition in state court, Missey v. Bowersox, 11TE-CC00172 (Texas County), on December 23, 2010. This petition was denied on September 20, 2011.

One hundred thirty-two days later, on January 30, 2012, Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Southern District. The appellate court denied the petition on February 15, 2012. See In re: Missey v. Bowersox, SD31836 (Mo. Ct. App.).

Three hundred fifty days later, on January 30, 2013, Petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court. The Missouri Supreme Court denied the petition on March 19, 2013. See Missey v. Bowersox, SC93105 (Mo. banc).

Petitioner filed the instant petition for writ of habeas corpus under § 2254 on April 2, 2013. Petitioner is confined at the South Central Correctional Center, where Michael Bowersox is the Warden.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner relies on § 2244(d)(1)(D) in maintaining that his petition has been timely filed.

Petitioner states that when he learned of the alleged <u>Brady</u> violation, he filed his petition for writ of habeas corpus in the Circuit Court for Texas County. After that case was dismissed, 132 days elapsed before he filed the petition in the Missouri Court of Appeals for the Southern District. After the appellate court dismissed the petition, 350 days elapsed before he filed his petition in the Missouri Supreme Court. And, after the Missouri Supreme Court dismissed the petition, 14 days elapsed before he filed the instant petition for writ of habeas corpus. Therefore, at least 496 non-tolled days elapsed from the date petitioner learned about his <u>Brady</u> claim to the date the instant petition was filed, which is well beyond the one-year limitation period. As a result, the Court will order Petitioner to show cause why the petition should not be dismissed as time-barred. <u>See</u> 28 U.S.C. § 2254 Rule 4; <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Finally, when Petitioner initially filed this action in the United States District Court for the Western District of Missouri, he did not pay the $5 filing fee or file a motion for leave

to proceed in forma pauperis.  The Western District granted petitioner provisional leave to proceed in forma pauperis, subject to modification by this Court.  Petitioner must either pay the filing fee or file a motion for leave to proceed in forma pauperis to proceed in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Petitioner a form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the date of this order either to pay the statutory filing fee of $5 or to submit a completed "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

Dated this 3rd day of May, 2013.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE