# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID L. MISSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-797 TCM |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that several years after his conviction became final he discovered that the prosecutor had withheld exculpatory evidence from him. On initial review of the petition, the Court noted that it appeared to be time barred, and ordered petitioner to show cause why the petition should not be summarily dismissed. Petitioner has responded. For the following reasons, the Court will dismiss this action without further proceedings.

## Background

Petitioner was convicted of statutory sodomy in 2002 and sentenced to twenty-five years' imprisonment by the Circuit Court for Washington County, Missouri. Petitioner appealed, and the Missouri Court of Appeals affirmed the conviction on April 13, 2004.

Petitioner alleges that several years later he obtained the prosecutor's file from his criminal action. Petitioner asserts that the file contained exculpatory information that was never provided to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner claims that when he learned about the alleged prosecutorial misconduct, he filed a habeas petition in state court,

Missey v. Bowersox, 11TE-CC00172 (Texas County). Petitioner filed the state habeas petition on December 23, 2010. The state court denied the petition on September 20, 2011.

One hundred thirty-two days later, on January 30, 2012, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Southern District. The appellate court denied the petition on February 15, 2012. See In re: Missey v. Bowersox, SD31836 (Mo. Ct. App.).

Three hundred fifty days later, on January 30, 2013, petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court. The Missouri Supreme Court denied the petition on March 19, 2013. See Missey v. Bowersox, SC93105 (Mo. banc).

Petitioner filed the instant petition for writ of habeas corpus under § 2254 on April 2, 2013. Petitioner is confined at the South Central Correctional Center, where Michael Bowersox is the Warden.

**Limitations Period**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner relies on § 2244(d)(1)(D) in maintaining that his petition has been timely filed.

**Discussion**

Petitioner states that when he learned of the alleged <u>Brady</u> violation, he filed his petition for writ of habeas corpus in the Circuit Court for Texas County. After that case was dismissed, 132 days elapsed before petitioner filed the petition in the Missouri Court of Appeals for the Southern District. After the appellate court dismissed the petition, 350 days elapsed before petitioner filed his petition in the Missouri Supreme Court. And after the Missouri Supreme Court dismissed the petition, fourteen days elapsed before petitioner filed the instant petition for writ of habeas corpus. Therefore, at least 496 non-tolled days elapsed from the date petitioner learned about his <u>Brady</u> claim to the date the instant petition was filed, which is well beyond the one-year limitation period.

Petitioner relies on <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), for the proposition that "a case is considered 'pending' for purposes of the one year limitation during the interval of the denial or [*sic*] a writ of habeas corpus in a state proceeding to the filing of an original writ in the next highest court." Therefore, according to petitioner's reasoning, only fourteen un-tolled days had lapsed when he filed the instant petition.

In <u>Saffold</u>, the petitioner was convicted in state court of murder and several other charges. His conviction became final on direct review and, before his federal statute of limitations expired, he filed a petition in state court for postconviction relief. His motion was denied. Due to California's postconviction procedures, he was permitted to file a second "original" petition in the

state's appellate courts, rather than appeal the lower court's judgment. California had not specified a filing deadline for these appellate petitions, instead determining timeliness of each petition based on a "reasonableness" standard. Saffold, 536 U.S. at 222. The question presented by Saffold was whether the federal statute of limitations remained tolled during the period between a lower state court ruling and the time the petitioner filed the second "original" petition in the appellate court. The Court held that if California found the second petition to be filed in a timely fashion and thus meet the state's "reasonableness" standard, the federal statute would be tolled during the intervening period because the state court petition remained "pending." Id. at 222-23, 225. The Court concluded that to hold otherwise would contravene the policies of the Antiterrorism and Effective Death Penalty Act's (AEDPA) changes in federal habeas procedures:

> The exhaustion requirement serves AEDPA's goal of promoting "comity, finality, and federalism," by giving state courts "the first opportunity to review [the] claim," and to "correct" any "constitutional violation in the first instance." And AEDPA's limitations period–with its accompanying tolling provision–ensures the achievement of this goal because it "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." California's interpretation violates these principles by encouraging state prisoners to file federal habeas petitions before the State completes a full round of collateral review. This would lead to great uncertainty in the federal courts, requiring them to contend with habeas petitions that are in one sense unlawful (because the claims have not been exhausted) but in another sense required by law (because they would otherwise be barred by the 1-year statute of limitations).

Id. at 220 (alteration and emphasis in original) (citations omitted).

The petitioner's circumstance in Saffold differs from the circumstances of this case. Missouri's system is not like California's; there is no "reasonableness" standard for determining the timeliness of postconviction petitions in this State. And Missouri's procedures do not encourage prisoners to file federal habeas petitions before the state courts complete collateral review. As a result, Saffold's reasoning does not apply here, and the time during which petitioner had no pending

state habeas proceedings did not toll the limitations period. The petition is, therefore, barred by the limitations period.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED** without further proceedings. [Doc. 1]

An Order of Dismissal will be filed contemporaneously.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of September, 2013.